**Jackie Leonza WALDEN,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 02–2153.**

United States Court of Appeals,
Second Circuit.

April 25, 2003.

Richard B. Mazer, San Francisco, CA, for Appellant.

Kim A. Berger, Assistant United States Attorney, Southern District of New York, New York, NY, for Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25th day of April, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order appealed from is AFFIRMED.

Pursuant to a certificate of appealability granted by this court on May 28, 2002,

petitioner Jackie Leonza Walden appeals from an order of the district court denying his 28 U.S.C. § 2255 motion for vacatur or correction of his sentence.

In 1998, a jury convicted Walden of one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine. The jury was not asked to find drug quantity and did not do so. At sentencing, the court found that the amount of cocaine chargeable to Walden exceeded 150 kilograms. Based in part on this finding, the court sentenced Walden to 348 months imprisonment. We affirmed Walden's conviction and sentence and specifically rejected Walden's argument that the court committed clear error by attributing over 150 kilograms of cocaine to him. *United States v. Rivera*, 205 F.3d 1326, 1999 WL 1254462 (2d Cir. Nov.17, 1999).

In October 2001, Walden filed a Section 2255 motion based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Walden contended that his sentence was impermissible because the jury did not find quantity, and conspiracy to sell an unspecified amount of cocaine is punishable by a maximum of twenty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). The district court denied Walden's motion, finding in pertinent part that (1) Walden did not argue at trial or on direct appeal that the jury was required to find quantity and (2) Walden could not establish cause for his procedural default or prejudice. In finding no prejudice, the district court pointed out that conspiracy to sell as little as 500 grams of cocaine carries a maximum penalty of forty years and that the proof of quantity in excess of this amount was overwhelming.

In May 2002, a panel of this court granted a certificate of appealability limited to three issues: (1) whether because petitioner's conviction was not final at the time *Apprendi* was decided, he could rely on *Apprendi* even in the absence of a determination that *Apprendi* must be applied retroactively; (2) whether the unavailability of *Apprendi* at the time of Walden's trial and during the pendency of his direct appeal to this court constituted cause for his default; and (3) whether, in the absence of cause and prejudice "an *Apprendi*-type sentencing error may constitute, even in the absence of a showing of actual innocence of the underlying offense, a 'fundamental miscarriage of justice'" that allows the court to review the procedurally defaulted claim.

We affirm the district court's order because regardless of the correct answer to questions 1 and 2, petitioner cannot establish either prejudice stemming from the asserted *Apprendi* error or a fundamental miscarriage of justice.

Where–as here–a habeas petitioner fails to raise a claim on direct appeal, he may not pursue that claim in a habeas proceeding unless he "can demonstrate both cause and prejudice–cause for the default and prejudice arising from imposing the bar of a default" or the existence of a fundamental miscarriage of justice. *Strogov v. Attorney Gen. of the State of N.Y.*, 191 F.3d 188 (2d Cir.1999). A fundamental miscarriage of justice occurs when a petitioner is factually innocent of a charge. *Bousley v. United States*, 523 U.S. 620, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In the certificate of appealability, we invited the parties to brief whether a fundamental miscarriage of justice also could exist when the petitioner was not actually innocent of the underlying offense. In *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 171–72 (2d Cir.2000), we held that "actual innocence" can include not only innocence of the offense itself but also at least some other instances where the purported existence of an underlying fact resulted in an increased penalty for the petitioner. We need not

decide, however, whether *Spence* could include Walden's claim here. Even for those sentencing facts plainly included in *Spence*, we require the petitioner to demonstrate his "innocence" of a sentencing condition by "clear and convincing proof." 219 F.3d at 172. Walden makes no effort at all to demonstrate that he did not conspire to possess and distribute enough cocaine to justify his sentence.

The possession, with intent to distribute, of as little as 500 grams of a substance containing a detectable amount of cocaine requires imposition of a sentence of between five and forty years imprisonment. 21 U.S.C. § 841(b)(1)(B). Because Walden's sentence fell within this range, he cannot demonstrate actual innocence of the conduct underlying the enhanced sentence without pointing to proof that less than 500 grams of cocaine are attributable to him. We already have rejected Walden's Guidelines-based challenge to the district court's finding that Walden was responsible for more than 150 kilograms of cocaine. In addition, the evidence of Walden's responsibility for over 500 grams of cocaine was overwhelming and essentially uncontroverted. One of Walden's accomplices testified that he regularly delivered multi-kilogram quantities of cocaine to Walden and his brother at an apartment they occupied on Craft Avenue in Rosedale, New York. The government introduced tape-recordings of telephone conversations between the Walden brothers and the accomplice in which they discussed the purchase of large quantities of cocaine. The government also introduced 9.9 kilograms of cocaine that it seized from the accomplice and another 1.01 kilograms (over 1000 grams) seized from the brothers' apartment. Walden stipulated to the weight of the cocaine from both seizures. Having heard and seen this evidence, the jury could not reasonably have determined that the amount of cocaine attributable to Walden was less than 500 grams. Therefore, Walden cannot overcome his procedural default either by showing cause and prejudice or by establishing a fundamental miscarriage of justice, i.e., his actual innocence of the conduct that increased his sentence.

In fact, Walden could not have prevailed on the *Apprendi* issue even if he had first raised it on direct appeal rather than on collateral review. Where evidence of the drug quantity necessary to trigger a given statutory maximum is "overwhelming" and "essentially uncontroverted," there is no "real threat ... to the fairness, integrity, and public reputation of judicial proceedings," and a defendant who failed to object to the omission of drug quantity in an indictment cannot prevail on appeal under the plain error rule. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1786–87, 152 L.Ed.2d 860 (2002) (internal quotation marks omitted). The same analysis applies to a district court's failure to submit drug quantity to a jury. *United States v. Guevara*, 298 F.3d 124, 125–27 (2d Cir. 2002). Because the evidence that Walden was responsible for more than 500 grams of cocaine is overwhelming, the plain error doctrine would not have been available to him.